## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GRENISIA WEST,

    Plaintiff,

v.                                             Case No.

LUTHERAN SERVICES
FLORIDA, INC.,
a Florida Not For Profit Corporation

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GRENISIA WEST (hereinafter "West" or "Plaintiff") files this Complaint and Demand for Jury Trial against Defendant, LUTHERAN SERVICES FLORIDA, INC., a Florida Not For Profit Corporation (hereinafter "Lutheran Services" or "Defendant"), and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

1

## JURISDICTION, VENUE, AND PARTIES

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Plaintiff worked for Defendant in Hillsborough County, Florida, and this venue is therefore proper.

7. Defendant is a Florida, not for profit corporation, that is located and does business in Hillsborough County, Florida, and is therefore within the jurisdiction of the Court pursuant to 28 U.S.C. §1391.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA.

9. At all times relevant hereto, Defendant was engaged in commerce or in an industry affecting commerce.

10. At all times relevant hereto, Defendant employed 50 or more employees within 75 miles of where Plaintiff worked for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

11. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

12. Plaintiff is a disabled woman.

13. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

   b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

14. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

15. Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Fair Employment Practices Agencies ("FCHR") alleging disability discrimination and retaliation against Defendant.

16. On June 18, 2025, the EEOC issued the Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of his receipt of the same. *See* Notice of Your Right to Sue, attached hereto as **Exhibit A**.

17. Therefore, Plaintiff timely files this action within the applicable period of limitations against Defendant.

18. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

19. Plaintiff was employed by Defendant as a Senior Administrative Assistant and Human Resource Liaison until her termination on May 8, 2025.

20. Plaintiff reported directly to Program Director Aneka King.

21. Plaintiff's termination followed a series of health-related absences and escalating workplace hostility after Plaintiff raised concerns about unsafe working conditions and sought protected medical leave for a serious health condition.

22. Beginning in late November 2024, Plaintiff began experiencing persistent symptoms while working on-site, including voice loss and a rash on Plaintiff's neck.

23. On January 25, 2025, Plaintiff sought medical treatment for these issues and informed her supervisor of her health concerns.

24. Throughout February and March of 2025, Plaintiff's symptoms worsened, including increased fatigue and respiratory distress.

25. From March 10, 2025 through March 19, 2025 Plaintiff took pre-approved paid leave and returned to work on March 20, 2025.

26. On March 24, 2025, Plaintiff sent an email to Program Director, Aneka King, and Executive Program Director, James Acevedo, reporting the continued impact of Plaintiff's symptoms while in the office, and requested to temporarily work remotely while the facility was inspected for environmental hazards, including potential mold exposure.

27. Rather than respond with support or concern, Ms. King expressed open opposition to remote work.

28. Ms. King advised Plaintiff that she believed employees were unproductive when working from home.

29. After Plaintiff sent a March 25, 2025 email noting that other employees had also experienced respiratory issues, Ms. King confronted Plaintiff and said it was inappropriate to raise those concerns.

30. Plaintiff explained that, as the Human Resources Liaison, she had received multiple health-related complaints from colleagues.

31. Ms. King dismissed this and incorrectly stated that Plaintiff was the only person complaining.

32. On April 1, 2025, Plaintiff had a phone call with Ms. King's supervisor, Executive Vice President, James Acevedo, in which Plaintiff detailed a pattern of bullying, harassment, misrepresentation, and disregard for her health and safety by Ms. King.

33. Plaintiff supported her concerns with examples and documented communications.

34. Mr. Acevedo did nothing to remedy Plaintiff's concerns.

35. Plaintiff also reached out to Defendant's Human Resources Manager, Carlota Centieo-Pinto to address her heath issues.

36. Despite Plaintiff's worsening symptoms, Plaintiff was repeatedly instructed to report to the office.

37. Plaintiff was only permitted to work from home on two occasions—both after she had already arrived on-site and had to leave early due to medical distress.

38. Plaintiff continued receiving medical treatment, with documented physician visits on April 2, 2025 and April 3, 2025.

39. Plaintiff missed a doctor's appointment on April 9, 2025 due to illness, and was hospitalized on April 11, 2025.

40. On April 7, Plaintiff had informed Ms. King that she had been referred to multiple specialists and had additional medical appointments scheduled for April 9, 2025 and April 22, 2025.

41. Ms. King acknowledged receipt of this information.

42. Yet, on April 14, 2025 while Plaintiff remained hospitalized and unable to communicate, Plaintiff received an email from Ms. King accusing Plaintiff of being a "no call, no show."

43. That same day, Plaintiff submitted a formal request for protected medical leave, accompanied by a physician's note explaining Plaintiff's hospitalization and inability to respond sooner.

44. Plaintiff's request was acknowledged by Defendant's Benefits Coordinator, Lacy Froncesca.

45. On April 30, 2025, the day that Plaintiff was scheduled to obtain medical certification from her primary care physician, Plaintiff was hospitalized.

46. On May 2, 2025, once her health had stabilized, Plaintiff contacted Ms. Froncesca and informed her of Plaintiff's continued hospitalization.

47. A conference call was held between Plaintiff, Ms. Froncesca, Ms. King, and Mr. Acevedo in order to discuss Plaintiff's ongoing health issues and FMLA leave.

48. Plaintiff was discharged from the hospital on the evening of May 6, 2025.

49. On May 7, 2025, Plaintiff saw her primary care physician, who completed the required health certification for protected FMLA leave.

50. Plaintiff submitted the completed documentation to Defendant on May 8, 2025.

51. That same day, Plaintiff received a termination letter by email from Mr. Acevedo.

52. Plaintiff immediately requested an appeal of the decision but received no response.

53. Plaintiff also contacted Karen Jospeh, Defendant's Senior Vice President of Human Resources in order to appeal her termination, but was advised the issue needed to be handled at program level.

54. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

55. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

56. Plaintiff is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of her job.

57. Allowing Plaintiff to utilize a period of unpaid leave, without penalty or negative repercussions, such as termination, and allowing Plaintiff to work from home, would have been a reasonable accommodation.

58. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her attempt to use unpaid medical leave, which was or should have been protected FMLA leave, and his need for accommodation under the ADA/FCRA.

59. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

60. The timing of Plaintiff's termination makes the causal connection between her attempted use of FMLA leave, her request for reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

61. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

62. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

63. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . . and other similar accommodations." 42 U.S.C. § 12111(9)(B).

64. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to treat her health issues and for requesting reasonable accommodation.

65. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Plaintiff based solely upon her disability.

66. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

67. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

68. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

69. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

70. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

71. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment.

72. Therefore, she is protected class member as envisioned by the ADA and the FCRA.

73. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

74. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

75. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

76. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

77. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination and retaliation.

78. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Plaintiff notifying Defendant of her serious health condition, and in retaliation for Plaintiff utilizing and/or attempting to utilize unpaid leave pursuant to the FMLA in order to address same.

79. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her use and/or attempted utilization of what should have been protected FMLA leave.

80. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA, and FMLA were intended to prevent.

81. Defendant did not have a good faith basis for its actions.

82. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

83. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

84. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

85. Plaintiff has retained the law firm of Rafuls Law Group to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

86. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 85 above.

87. At all times relevant hereto, Plaintiff was protected by the FMLA.

88. At all times relevant hereto, Defendant interfered with Plaintiff by failing to restore Plaintiff to the same or substantially similar position she was in prior to attempting to use FMLA leave.

89. Defendant denied Plaintiff FMLA benefits she was otherwise entitled to.

90. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

91. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

92. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

93. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2617.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

94. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 85 above.

95. At all times relevant hereto, Plaintiff was protected by the FMLA.

96. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for his use or attempted use of FMLA-protected leave, and for objecting to retaliation.

97. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

98. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

99. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

100. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

101. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2617.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

102. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 85 above.

103. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

104. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

105. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and

benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

106. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

107. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

108. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

109. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 4 through 7, 10 through 19, 23 through 52, 56, and 59 through 64, above.

110. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

111. The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

112. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

113. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

114. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

115. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

116. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 85 above.

117. Plaintiff was terminated within close temporal proximity of her objection to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodations.

118. Plaintiff's objections, and requests for accommodations constituted protected activity under the ADA.

119. Plaintiff was terminated as a direct result of her objection to what she reasonably believed to be disability discrimination, and for requesting reasonable accommodations.

120. Plaintiff's objections to Defendant's illegal conduct, her requests for reasonable accommodations, and her termination, are causally related.

121. Defendant's stated reasons for Plaintiff's termination are a pretext.

122. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

123. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

124. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

125. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

126. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 85 above.

127. Plaintiff was terminated within close temporal proximity of her objection to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodations.

128. Plaintiff's objections, and requests for accommodations constituted protected activity under the FCRA.

129. Plaintiff was terminated as a direct result of her objection to what she reasonably believed to be disability discrimination, and for requesting reasonable accommodations.

130. Plaintiff's objections to Defendant's illegal conduct, her requests for reasonable accommodations, and her termination, are causally related.

131. Defendant's stated reasons for Plaintiff's termination are a pretext.

132. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

133. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

134. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

135. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her

costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 15th day of September 2025.

Respectfully submitted,

*/s/ Chanelle J. Rafuls*
Chanelle J. Rafuls (FL Bar No. 1002876)
Rafuls Law Group
12555 Biscayne Blvd #944
North Miami, FL 33181
Tel: (305) 877-3474
Email: chanelle@rafulslaw.com
*Counsel for Plaintiff*